UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-cr-20547

v.                                   Judith E. Levy
                                   United States District Judge

Ernestine Hogue,
                                   Mag. Judge Anthony P. Patti

                Defendant(s).

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR A PSYCHOLOGICAL EXAMINATION AND COMPETENCY HEARING WITHOUT PREJUDICE [25] AND GRANTING THE GOVERNMENT'S EX PARTE MOTION TO FILE EXHIBIT UNDER SEAL [29]**

On April 18, 2023, Defendant Ernestine Hogue filed a motion for a psychological examination and competency hearing. (ECF No. 25.) The Government filed a response on May 2, 2023. (ECF No. 28.)

Under the United States Constitution, a criminal defendant may not be tried unless she is competent to stand trial. *Indiana v. Edwards*, 554 U.S. 164, 169–70 (2008) (citing *Dusky v. United States*, 362 U.S. 402 (1960); *Drope v. Missouri*, 420 U.S. 162 (1975)). "To be competent to stand trial or proceed to sentencing, a criminal defendant must possess (1) a

'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding,' and (2) 'a rational as well as factual understanding of the proceedings against him.'" *United States v. Dubrule*, 822 F.3d 866, 875–76 (6th Cir. 2016) (quoting *Dusky*, 362 U.S. at 402); *see also United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008).

The procedure for initiating a competency hearing is set forth in 18 U.S.C. § 4241(a):

> At any time after the commencement of a prosecution for an offense . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [she] is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense.

If the court finds reasonable cause to support a competency hearing, it may "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court." 18 U.S.C. § 4241(b).

"In order for a court to determine whether a competency hearing [is] required, the court should consider 'evidence of a defendant's irrational behavior, [her] demeanor at trial, and any prior medical

2

opinion on competence to stand trial . . . .'" *United States v. Abdulmutallab*, 739 F.3d 891, 900 (6th Cir. 2014) (third alteration in original) (quoting *Drope*, 420 U.S. at 180). The court may also consider an attorney's opinion about their client's competency. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006) (citing *Owens v. Sowders*, 661 F.2d 584, 586 (6th Cir. 1981)). "No one factor is determinative of whether further inquiry into a defendant's competency is warranted . . . ." *Abdulmutallab*, 739 F.3d at 900 (citing *Drope*, 420 U.S. at 180). "The statute does not require an evidentiary hearing to determine reasonable cause." *United States v. Jackson*, 179 F. App'x 921, 932 (6th Cir. 2006) (citations omitted).

Additionally, the Sixth Circuit has explained that "the mere fact that a criminal defendant espouses a far-fetched, or even bizarre, legal-defense theory is insufficient to clear the high hurdle for incompetency." *United States v. Davis*, 515 F. App'x 486, 493–94 (6th Cir. 2013) (citing *Miller*, 531 F.3d at 348–50). Likewise, a defendant is not rendered incompetent merely because she cannot get along with her counsel or disapproves of her attorney's performance. *Dubrule*, 822 F.3d at 876 (quoting *Miller*, 531 F.3d at 349).

3

In support of her motion, Defendant offers only a single conclusory statement by counsel:

> Defense counsel, as the third attorney of record on this case, is not a licensed clinician or forensic examiner but suggests that a review of the defendant's history and characteristics and the facts and circumstances of the offenses herein raise significant doubts about defendant's ability to understand the consequences of the proceedings against her or to assist properly in her defense[.]

(ECF No. 25, PageID.58.) As the Government points out in its response, Defendant's motion "does not point to any symptoms or signs, or otherwise provide anything factual, related to a 'mental disease or defect' that impacts the defendant's ability to understand the nature and consequences of the proceedings or assist in her defense." (ECF No. 28, PageID.64.) The Government also notes that Defendant "was previously examined and deemed competent to stand trial in April 1995, in connection with another fraud case in this District" and that none of her prior counsel "articulated any competence-related concerns." (*Id.* at PageID.65.)

The Court agrees with the Government that Defendant's motion fails to establish reasonable cause to believe Defendant is not competent to stand trial. *See Abdulmutallab*, 739 F.3d at 901–02 (affirming the

4

district court's refusal to grant a competency hearing where counsel's "motion requesting a competency hearing contained scant allegations of behavior that would cause a court to question [the defendant's] competency"). Additionally, the undersigned has not personally observed any behavior that would constitute reasonable cause to believe that Defendant is not competent to stand trial.[1] Accordingly, Defendant's motion for a psychological examination and competency hearing is denied without prejudice.

The Government also filed an ex parte motion to file Exhibit A to its response under seal (ECF No. 29) and a sealed copy of Exhibit A. (ECF No. 30.) "There is a 'strong presumption in favor of open[ ]' judicial records." *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017) (alteration in original) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). However, "[t]he

---

[1] The undersigned has interacted with Defendant on two occasions: a June 1, 2022 hearing via video conference on attorney David R. Cripps' motion to withdraw and a February 21, 2023 in-person hearing on attorney Pamella R. Szydlak's motion to withdraw. During each hearing, the Court engaged in a brief colloquy with Defendant regarding her representation. While Defendant has at times refused to comply with the instructions of her prior attorneys and minimized the significance of the proceedings against her, Defendant was responsive to the questions posed by the undersigned during these hearings regarding her desire to obtain new counsel.

sealing of judicial documents and records is left to the sound discretion of the Court." *United States v. Kischnick*, No. 18-20469, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016)). Generally, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted).

Here, Exhibit A is a forensic psychological evaluation of Defendant conducted in April 1995 in connection with an earlier criminal prosecution of Defendant in this District. (*See* ECF No. 30, PageID.71; *see also* ECF No. 28, PageID.65.) The 1995 evaluation concluded that Defendant was competent to stand trial. (*See* ECF No. 30, PageID.75–76; *see also* ECF No. 28, PageID.65.) However, the evaluation contains Defendant's detailed personal and medical information that is not relevant to adjudicating the present motion. (*See* ECF No. 30, PageID.73–75.) As such, the Court finds that Defendant has a compelling privacy interest is maintaining Exhibit A under seal. *United States v. Banks*, No. 18-cr-20462-2, 2022 WL 2679417, at *7 (E.D. Mich. July 11, 2022) (Levy, J.) (sealing the defendant's medical records because they

"contain[ed] a great deal of private information that [went] to issues beyond those the Court considered in deciding" the defendant's motion). Accordingly, the Court grants the Government's motion to seal.

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Defendant's motion for a psychological examination and competency hearing (ECF No. 25) and GRANTS the Government's ex parte motion to file Exhibit A under seal. (ECF No. 29.)

IT IS SO ORDERED.

Dated: May 17, 2023　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 17, 2023.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager